UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESIS NEFTALI AYALA, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>ARTICHOKE PIZZA MANAGEMENT LLC, d/b/a ARTICHOKE BASILLE'S PIZZA, and ARTICHOKE 39, LLC, d/b/a ARTICHOKE BASILLE'S PIZZA, and ARTICHOKE BUSHWICK, LLC, d/b/a ARTICHOKE BASILLE'S PIZZA, and ARTICHOKE BAY RIDGE, LLC, d/b/a ARTICHOKE BASILLE'S PIZZA, and ARTICHOKE PARK SLOPE LLC, d/b/a ARTICHOKE BASILLE'S PIZZA, and FRANCIS GARCIA, individually, and SAL BASILLE, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.: 24-cv-9814<br><br>Jury Trial Demanded |

YESIS NEFTALI AYALA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ARTICHOKE PIZZA MANAGEMENT LLC, d/b/a ARTICHOKE BASILLE'S PIZZA ("Pizza Management"), and ARTICHOKE 39, LLC, d/b/a ARTICHOKE BASILLE'S PIZZA ("39"), and ARTICHOKE BUSHWICK, LLC d/b/a ARTICHOKE BASILLE'S PIZZA ("Bushwick"), and ARTICHOKE BAY RIDGE, LLC, d/b/a ARTICHOKE BASILLE'S PIZZA ("Bay Ridge"), and ARTICHOKE PARK SLOPE LLC, d/b/a ARTICHOKE BASILLE'S PIZZA ("Park Slope"), (together, where appropriate, as "the Entity

Defendants"), and FRANCIS GARCIA, individually, and SAL BASILLE, individually, (collectively, with the Entity Defendants where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - five legally distinct limited liability companies that together operate as a single integrated enterprise to run at least four pizzerias in Manhattan and Brooklyn, and the enterprise's owners and day-to-day overseers - - as a non-managerial kitchen staff worker from in or around October 2018 until October 25, 2023. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each

workweek, or virtually each week, yet in exchange, Defendants paid Plaintiff on an hourly basis at his regular rate of pay for all of the hours that Plaintiff worked in a week, and thus Defendants did not pay Plaintiff at the rate of one and one-half times his regular rates of pay for those hours that Plaintiff worked in a week in excess of forty.

3. Moreover, Defendants further violated the NYLL and the NYCRR by failing to: provide Plaintiff with spread-of-hours pay whenever his workday exceeded ten hours from start to finish; or to furnish Plaintiff with any wage statement on each payday or with any wage notice at his time of hire, let alone statements or a notice that contained accurate specifically enumerated criteria as NYLL §§ 195(3) and (1) respectively require.

4. Defendants have paid and treated all of their non-managerial kitchen staff workers in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.    At all relevant times herein, Defendant Pizza Management was and is a New York limited liability company with its principal place of business located at 18 Wyckoff Avenue, Brooklyn, New York 11237, which is registered with the New York State Department of State to receive service of process at 108 Carmel Court, Holmdel, New York 07733.[1]

11.    At all relevant times herein, Defendant 39 was and is a New York limited liability company with its principal place of business located at 321 East 14th Street, New York, New York 10003, which is registered with the New York State Department of State to receive service of process at 108 Carmel Court, Holmdel, New Jersey 07733.

12.    At all relevant times herein, Defendant Bushwick was and is a New York limited liability company with its principal place of business located at 18 Wyckoff Avenue, Brooklyn,

---

[1] This address should properly be 108 Carmel Court, Holmdel, New Jersey 07733, but Defendants have registered using the address containing New York, which is not a real address.  Plaintiff will list the correct New Jersey address in the remaining applicable paragraphs of this section, even though all of the Entity Defendants have actually registered with the incorrect New York address.

New York 11237, which is registered with the New York State Department of State to receive service of process at 108 Carmel Court, Holmdel, New Jersey 07733.

13.  At all relevant times herein, Defendant Bay Ridge was and is a New York limited liability company with its principal place of business previously located at 9102 4th Avenue, Brooklyn, New York 11209, which is registered with the New York State Department of State to receive service of process at 108 Carmel Court, Holmdel, New Jersey 07733.

14.  At all relevant times herein, Defendant Park Slope was and is a New York limited liability company with its principal place of business located at 59 5th Avenue, Brooklyn, New York 11217, which is registered with the New York State Department of State to receive service of process at 108 Carmel Court, Holmdel, New Jersey 07733.

15.  At all relevant times herein, while nominally distinct entities, the Entity Defendants together operated and continue to operate as a single business enterprise engaged in the activity of operating pizzerias in Manhattan and Brooklyn, with centralized control of the business and labor operations located at 321 East 14th Street, New York, New York and 108 Carmel Court, Holmdel, New Jersey 07733.  Indeed, these entities are commonly owned and managed, are commonly controlled financially, and they co-mingle employees.  Specifically, Defendants assigned Plaintiff to perform work at their 59 5th Avenue, Brooklyn, New York, 9102 4th Avenue, Brooklyn, New York, 18 Wyckoff Avenue, Brooklyn, New York, and 321 East 14th Street, New York, New York 10003 addresses.  Further, these entities interchangeably share equipment and supplies, such as food products, to carry out the needs of business.

16.  Indeed, to that end, at all relevant times herein, Defendants Garcia and Basille were and are the owners and day-to-day overseers of the Entity Defendants, who in that role personally manage and oversaw, and continue to manage and oversee, the day-to-day operations of the

5

business, and who were and are ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and employees' work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff.

17. At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, the Entity Defendants' qualifying annual business exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and have operated a business that purchases numerous products that have moved across state lines, such as foods, utensils, and the appliances used to carry out Defendants' business. Defendants also accept payment in cash that naturally moves across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial kitchen staff workers, or in a similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

19. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

6

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

20.    At all relevant times, Defendants are and have been aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged numerous complaints, specifically to Defendant Garcia, that Defendants did not pay him for his overtime hours worked in accordance with the law, but Defendants continued not to pay him overtime.

21.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

22.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

23.    Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c. Claims or defenses of the representative are typical of the class;

  d. The representative will fairly and adequately protect the class; and

  e. A class action is superior to other methods of adjudication.

24. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial kitchen staff employees who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

25. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

26. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants have paid the Rule 23 Plaintiffs an additional one hour's pay at the applicable minimum wage rate for any day worked in which the spread of hours exceeds ten; (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (6) whether Defendants have furnished or furnish the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (7) whether Defendants have

kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs or the Rule 23 Plaintiffs' hours worked; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

27.    As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial kitchen staff workers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, in excess of forty hours per week, yet Defendants have failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of forty, and/or pay them an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty, to be paid an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten, and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and

patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

28. Plaintiff as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, did not pay him an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeded ten, and did not furnish him with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

29. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

30. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

31. Any lawsuit brought by any non-managerial kitchen staff worker of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

32.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

33.     The Entity Defendants are a single enterprise consisting of at least five New York limited liability companies that collectively operate and/or operated at least four pizzerias, one in Manhattan located at 321 East 14th Street, three throughout Brooklyn, including those located at 18 Wyckoff Avenue, 59 5th Avenue, and one previously located at 9102 4th Avenue.

34.     At all relevant times herein, Defendants Garcia and Basille were and are the owners and day-to-day overseers of the Entity Defendants, who in that role personally manage and oversaw, and continue to manage and oversee, the day-to-day operations of the business, and who were and are ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and employees' work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff. Indeed, Garica and Basille had ultimate authority over the decision to hire and fire Plaintiff, set Plaintiff's hours, his rate of pay, and should have maintained Plaintiff's employment records.

35.     From October 2018 through October 25, 2023, Plaintiff worked for Defendants as a non-managerial kitchen staff worker at several of Defendants' locations. In that role, Plaintiff's primary duties consisted of preparing food and maintaining the cleanliness of the kitchen.

36.     More specifically, throughout his employment, Plaintiff generally performed his work for Defendants at their pizzeria located at 59 5th Avenue, Brooklyn. However, during the first six months of his employment, Defendants also occasionally assigned Plaintiff to cover shifts at their pizzeria located at 9102 4th Avenue, Brooklyn. Further, throughout the remainder of his employment, Defendants occasionally assigned Plaintiff to cover shifts at both their 321 East 14th Street, New York, and 18 Wyckoff Avenue, Brooklyn locations as well.

37. Regardless of the location at which he was working, from the beginning of his employment until approximately December 31, 2020, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, Wednesday through Sunday, from 6:00 p.m. to 4:30 a.m. without a scheduled or uninterrupted break during any shift, for a total of at least fifty-two and one-half hours per week. From on or around January 1, 2021, through the end of his employment, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, Wednesday through Friday from 5:00 p.m. to 4:00 a.m., Saturday from 6:00 p.m. to 4:30 a.m., and Sunday from 10:00 a.m. to 1:00 a.m., without a scheduled or uninterrupted break during any shift, for a total of approximately fifty-eight and one-half hours per week.

38. Defendants paid Plaintiff on an hourly basis at his regular rate of pay for all of the hours that Plaintiff worked in a week as follows:

   a. From the beginning of Plaintiff's employment until in or around early-October 2019, $15.00 per hour;

   b. From mid-October 2019 until in or around early-October 2021, $16.00 per hour; and

   c. From mid-October 2021 through the end of Plaintiff's employment, $17.00 per hour.

Thus, at no time did Defendants compensate Plaintiff at the rate of one and one-half times his regular rate of pay for any hours that he worked over forty in a week.

39. Moreover, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, shifts that exceeded ten hours from start to finish at detailed above, yet Defendants failed to provide Plaintiff with an additional hour of pay at the minimum wage rate for any of those days.

40. By way of example only, for the week of November 6 through November 12, 2022, Defendants required Plaintiff to work, and Plaintiff did work, a total of fifty-eight and one-half hours, according to the following schedule, with no scheduled or uninterrupted breaks on any day:

> Sunday, November 6, 2022: 10:00 a.m. to 1:00 a.m.;
>
> Monday, November 7, 2022: off;
>
> Tuesday, November 8, 2022: off;
>
> Wednesday, November 9, 2022: 5:00 p.m. to 4:00 a.m.;
>
> Thursday, November 10, 2022: 5:00 p.m. to 4:00 a.m.;
>
> Friday, November 11, 2022: 5:00 p.m. to 4:00 a.m.; and
>
> Saturday, November 12, 2022: 6:00 p.m. to 4:30 a.m.

In exchange for his work that week, Defendants paid Plaintiff on an hourly basis at his $17.00 per hour regular rate of pay for a total of $994.50, and thus, Defendants failed to pay Plaintiff at what should have been his overtime rate of $25.50 for each of the eighteen and one-half hours that he worked in excess of forty that week. In addition, for the five days that Plaintiff worked during this week when his shift exceeded ten hours from start to finish, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

41. Defendants paid Plaintiff on a weekly basis, in cash.

42. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, his hours worked, his regular and overtime rates of pay, and his regular and overtime wages owed. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

43. Additionally, at his time of his hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein.

44. Defendants treated Plaintiff, FLSA Plaintiffs, Rule 23 Plaintiffs in the same manner described herein.

45. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

46. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

47. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

49. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

14

50. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

51. Defendants willfully violated the FLSA.

52. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

53. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

56. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

57. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

62. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

63. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

68. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

69. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone a statement that accurately contained all of the criteria that the NYLL requires.

70. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

71.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

73.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

74.     As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

75.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

76.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

   a.  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

      j. Awarding pre-judgment and post-judgment interest, as provided by law; and

      k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       December 19, 2024

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    910 Franklin Avenue, Suite 205
                                    Garden City, New York 11530
                                    Tel. No. (516) 248-5550
                                    Fax No. (516) 248-6027

               By: _____
                                  ANDREW C. WEISS, ESQ. (5560537)
                                  ALEXANDER T. COLEMAN (AC 1717)
                                  MICHAEL J. BORRELLI (MB 8533)